JOHN S. WORD, *et al.*, plaintiff in error, *vs.* GILES MITCHELL, executor, etc., defendant in error.

A legacy failing, either by lapse or because void at law, falls into the residuum and passes to the residuary legatee, and not to the next of kin.

In equity, in Jackson Superior Court. Decision on demurrer made by his Honor Judge HUTCHINS, at August Term, 1860.

The question made in this case arises out of the following state of facts:

William D. Martin died testate. The sixth item of his will, being void under the laws of Georgia against the manumission of slaves, was not proven as part of the will before the Ordinary, and is in these words:

"I desire that my faithful and trusty negroes, Gabe and Willis, also Blake and Henry, sons of Gabe, be free as far as is consistent with the laws of this State, and I give to their use and benefit, as a home during life, the following described quantity of land: a part of tract on which I now live, [describing it,] which said land, at the death of said negroes, shall revert to my original tract. I also give to the use and benefit of said negroes four cows of their choice [and other personal property, describing it]. I hereby appoint Giles Mitchell guardian for said negroes, with authority to trade for them, and otherwise control their business as guardian, and as compensation for such care and trouble, I

give to Giles Mitchell one promissory note which I now hold on him for the sum of $1200 00."

The eighteenth item of the will is in the following words: "All the remainder of my property, if any there be, I give to my friend, Giles Mitchell, and I hereby nominate and appoint him executor of this, my last will and testament."

Under these circumstances, John S. Word and others, as next of kin of the testator, filed their bill in equity, against Mitchell, the executor, praying a distribution of the negroes and other property mentioned in the sixth item of the will, amongst them as the heirs-at-law of the testator.

Mitchell set up a demurrer to the bill, on the ground that the property mentioned in the said sixth item passed to him as the residuary legatee under the will.

After argument, the presiding Judge sustained the demurrer and dismissed the bill, on the ground taken in the demurrer.

This decision is the error complained of.

GEORGE HILLYER, for plaintiff in error.

W. H. HULL, for defendant in error.

*By the Court.*—LYON, J., delivering the opinion.

When a legacy fails either by lapse or because it is void at law, it falls into the general residuum and passes to residuary legatee, and not to the next of kin. This is the general rule, and there is nothing in this case constituting it an exception thereto. Dawson vs. Clinch, 15 Vesey, 416; Durvur vs. Motteux, 1 Vesey, Sr., 321; Cambridge vs. Rous, 8 Vesey, 25; 2 Rop. on Leg., 487, 490; Hughes vs. Allen, 31 Ga., 489.

Let the judgment be affirmed.